IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WENFANG LIU,

                                                      ORDER

                    Plaintiff,

                                                  09-cv-500-slc[1]

    v.

TIMOTHY JOHN MUND,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On August 27, 2009, I entered an order granting plaintiff's request to proceed in forma pauperis on her claim brought pursuant to the Immigration and Naturalization Act, 8 U.S.C. § 1183a. In the same order, I noted that plaintiff had filed a letter on August 21, 2009, in which she asked the court for immediate relief on her claim. I explained to plaintiff that if she would like the court to consider her request for injunctive relief she would have to file a motion that complies with the court's procedures on obtaining such relief. To assist plaintiff in this regard, I provided her a copy of these procedures by attaching them to the

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. Because the parties have not had an opportunity to consent to the magistrate judge taking jurisdiction over this case, I am assuming jurisdiction over this case for the purpose of issuing this order.

1

August 27 order.

Now plaintiff has submitted a one-page document asking the court for "emergency financial relief." In her motion, plaintiff says that she has no medical insurance and cannot afford medications for eye allergies and headaches or appointments to see a doctor. As with plaintiff's first request, I cannot consider her current motion because it does not comply with the procedures for obtaining a preliminary injunction. Under these procedures, plaintiff must file with the court and serve on defendant proposed findings of fact supporting her claim, and submit with her proposed findings of fact any evidence she has to support her request for relief. If plaintiff submits such a motion in this case, I will set a short deadline within which defendant will be required to respond to it. For now, however, I will deny plaintiff's motion for injunctive relief because plaintiff failed to comply with this court's procedures.

One other matter requires comment. In her motion, plaintiff says that her ex-husband, the defendant, has a restraining order against her in another court and she is concerned that she will violate that order if she mails him copies of documents she files in this court. The Federal Rules of Civil Procedure require that every piece of paper in connection with a lawsuit be served on each party. Fed. R. Civ. P. 5. I doubt that plaintiff can be found in contempt by one court merely for complying with the orders of another court; her mere suspicion that she might be violating her restraining order is not a sufficient

2

reason to relieve her of her obligations to this court.

ORDER

IT IS ORDERED that plaintiff's motion for injunctive relief, dkt. #7, is DENIED without prejudice to plaintiff's refiling a motion in this case that complies with this court's procedures.

Entered this 15th day of September, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3