IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WENFANG LIU

                    Plaintiff,                  ORDER

v.

                                            09-cv-500-slc

TIMOTHY MUND

                    Defendant.

      In this court's October 2, 2009 Preliminary Pretrial Conference Order, I explained that I was setting the deadlines and dates for hearings and trial without requiring the parties to come into court. I gave both parties until November 2, 2009 to write to the court to report if the court's proposed calendar did not work.

      Both Ms. Liu and Mr. Mund then wrote to the court saying that they got this order, and also providing more information about this lawsuit. Neither Ms. Liu nor Mr. Mund questioned any of the dates set in the schedule, so I am adopting it as the court's schedule in this case. I note the order did *not* set up an actual in-person hearing on November 2, 2009, so no one needs to come to court. In fact, as is normal in this court's civil cases, there will be no pretrial hearings at all in this case. No one has to come to court until the July 6, 2010 trial.

      Let me offer three different points that might help make clear what could happen next in this lawsuit. First, although the trial is over eight months away, it is common in federal civil lawsuits for one side or the other to file a motion for summary judgment, or for a defendant to file a motion to dismiss, so that many cases are completely decided early and without a trial. The court's preliminary pretrial conference explains in more detail how this works and that order sets some quick deadlines for these types of motions so that both sides have the opportunity to

resolve this case quickly. Therefore, if either Ms. Liu or Mr. Mund thinks that the facts and law are clear enough that they should win this case without a trial and earlier than next July, then they should file a dispositive motion (either to dismiss or for summary judgment) and provide all the necessary support for that motion. After all the submissions are filed, the court would decide any motion filed by either side. If this is something that either side wishes to pursue, it is important to keep track of the deadlines and follow the procedures in the preliminary pretrial conference order.

Second, Mr. Mund says that he intends to hire a lawyer to represent him in this case. Because parties in a civil case have no constitutional right to an attorney (only defendants in criminal cases have that right), it is up to a party to find his (or her) own attorney. If Mr. Mund can do this, then he will be represented by a lawyer in this lawsuit. If Mr. Mund is unable to hire a lawyer, then he will have to continue to represent himself in this lawsuit. Every year in this court alone, about 300 people represent themselves without lawyers, so this is a common occurrence. The deadlines set in this case take into account that neither side has an attorney right now, and the court expects the parties to meet any deadlines that applies to them, even if they do not have an attorney.

Finally, the court needs to know by November 2, 2009 if the parties are willing to accept Judge Crocker as their trial judge. The computer assigned this case to Magistrate Judge Crocker, not District Judge Crabb, and Judge Crabb will not be handling other matters in this case. If either side does not want Judge Crocker, then this case will be given to the next new district judge that President Obama appoints to this court. We do not know when this will happen or if the new judge will be willing to keep this case on the same schedule. If Ms. Liu and Mr. Mund

would like the certainty of a firm trial date and quick resolution of any motions that they might file, then the best way to make sure this happens is to agree to let Magistrate Judge Crocker handle the case. Although the parties should have received a consent form and a stamped envelope, even a one-sentence letter consenting to Magistrate Judge Crocker is enough.

If either party has additional questions or concerns, the best way to bring them to the court's attention is by submitting a letter or a motion, of course with a copy sent to the other side.

Entered this 20th day of October, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge