IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WENFANG LIU,

                Plaintiff,                          ORDER

    v.

                                                    09-cv-500-vis

TIMOTHY MUND,

                Defendant.

---

      In this case, plaintiff WenFang Liu seeks to enforce the provisions of an I-864 Affidavit of Support under which defendant Timothy Mund agreed to maintain plaintiff at an income of at least 125% of the federal poverty guidelines. In an October 20, 2009 order, I explained that at this point in a lawsuit, it is common for one side or the other to file a motion for summary judgment asking the court to decide the case early and without a trial. This caused both parties to file submissions in which they argue about the merits of this case, and they have attached some documents that they consider to be relevant evidence. I assume from all these submissions that both Ms. Liu and Mr. Mund want the court to decide this case now, before trial. But the court cannot consider any of these submissions for that purpose because neither party followed this court's procedures for filing motions for summary judgment. This is the procedure that I attached to the October 2, 2009 preliminary pretrial conference order.

      Let me repeat this point, which applies to both Ms. Liu and Mr. Mund: the only way that this court can rule on the merits of this case before the trial scheduled for July is if a party files a motion for summary judgment that follows the court's procedures. I will include another copy of the summary judgment procedure with this order.

As is explained in more detail in that summary judgment procedure, if you want to file a motion for summary judgment in your favor, then must submit these documents to the court:

(1) A written brief that explains the law and the facts that support a court decision your favor;

(2) A document that you should call "Proposed Findings of Fact" that lists all of the facts about this case that you talk about in your brief and that you believe are not actually disputed by your opponent. You must list each fact in a separately-numbered paragraph. In each paragraph, you should identify the evidence that supports the fact (for instance the specific documents or the specific paragraph in your sworn written statement, called an affidavit, or something else); and

(3) Copies of the actual evidence that you refer to in your "Proposed Findings of Fact," so that the court can decide if there is actual support for the facts that you claim are true.

In this case, it appears that the most important evidence will be the I-864 Affidavit of Support and the financial information for both parties. The parties should note that the court cannot sift through the documents already submitted to the court the wrong way. This court has hundreds of cases pending and it simply does not have the staff or the time to sort through papers and documents that are not submitted in a manner that is easy for the court to review them. This means that the parties will have to resubmit copies of their documents the right way.

If your opponent files a motion for summary judgment against you and your opponent follows step (1) through (3) from above, then after you have received your copies of these materials, you should file:

(1) Your written brief explaining why your opponent should not get summary judgment in this case;

(2) A document that you title "Response to Proposed Findings of Fact," setting out your response to each fact proposed by your opponent. You should use the same numbering that your opponent used. You can admit that a proposed fact is true, or you can dispute a fact. If you dispute a fact, then you should identify the evidence that shows there actually is a dispute; and

(3) Copies of the actual evidence that you refer to in your "Response to Proposed Findings of Fact."

(4) If you have additional facts that you believe are important to help the court decide if summary judgment should be granted, then you should file a document titled Additional Proposed Findings of Fact." In this document you should list each of your new facts in separately numbered paragraphs and identify the evidence that supports the fact. If you do this, then you also need to submit the actual evidence that you have identified so that the court can review it.

After this, the party who is moving for summary judgment is allowed to file a reply in support of the motion. The reply should include:

(1) A reply brief addressing the arguments that your opponent made in response to your original motion;

(2) If your opponent filed "Additional Proposed Findings of Fact" under Paragraph (4) above, then you should reply to those proposed facts one at a time, using the same numbers for your reply that your opponent used. You should address each additional proposed fact, either agreeing that you do not dispute it, or disputing it. If you dispute it, then as outline above, you must identify what evidence shows that there is a dispute and you also should submit a copy of the evidence.

If either Mr. Liu or Mr. Mund submits a motion for summary judgment and all the required supporting documents explained above, then the court will confirm with both parties the deadlines for filing a response and a reply. If no one files a proper motion for summary judgment, then there is no way to resolve this case except to hold a trial. I note also, that even if a party files a motion for summary judgment the right way, the court still might end up holding a trial; just because a party asks for summary judgment does not mean that the court should grant summary judgment. The court only grants summary judgment if it is sufficiently clear from the parties' submissions that the important facts are not disputed and the law is clear that one side or the other should win. If this is not clear, then the court will hold a trial.

Finally, I note that defendant has filed a motion for the court to revoke plaintiff's *in forma pauperis* status, arguing that plaintiff has understated her income. As evidence of this, defendant states that plaintiff neglected to report that she received a $5000 property settlement in their divorce. However, this settlement does not affect plaintiff's *in forma pauperis* status because under the rules that apply to this determination, property that a party receives in the distribution of a couple's assets at divorce is not considered income. Accordingly, defendant's motion for the court to revoke plaintiff's *in forma pauperis* status, dkt. #23, is DENIED.

Entered this 3rd day of December, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

4