IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WENFANG LIU,

                Plaintiff,                      ORDER

  v.

                                                                                   09-cv-500-vis

TIMOTHY MUND,

                Defendant.

---

      In this case, plaintiff WenFang Liu seeks to enforce the provisions of an I-864 Affidavit of Support under which defendant Timothy Mund agreed to maintain plaintiff at an income of at least 125% of the federal poverty guidelines. This case has proceeded slowly because both parties have filed needless submissions and failed to follow the procedures set out by the court. In particular, plaintiff has repeatedly struggled to file summary judgment materials that comply with this court's procedures despite several orders explaining how to proceed on summary judgment motions. Plaintiff's most recent submissions do not comply with the court's procedures because she does not cite to admissible evidence supporting each proposed finding of fact. In addition I note that plaintiff fails to propose any findings regarding defendant's signing of the I-864 Affidavit of Support, and the affidavit included in plaintiff's evidentiary materials does not contain defendant's signature, presumably because plaintiff failed to submit the entire document.

      On its face, this case would seem to be a relatively cut and dried matter centering on whether defendant signed the Affidavit of Support. However, given plaintiff's inability properly to litigate her claim, no resolution is in sight. Because plaintiff's filings strongly suggest she is unable to litigate effectively this case on her own, and this case would proceed much more efficiently with counsel, I will stay all further proceedings in this case temporarily in order to locate a lawyer who is willing to represent plaintiff.

A lawyer accepting appointments in cases such as this take on the representation with no guarantee of compensation for his or her work. Plaintiff should be aware that in any case in which a party is represented by a lawyer, the court communicates only with counsel. Thus, once counsel is appointed, the court will no longer communicate with plaintiff directly about this case. Plaintiff will have to communicate directly with her lawyer about any concerns and allow the lawyer to exercise his or her professional judgment to determine which matters are appropriate to bring to the court's attention and what motions and other documents are appropriate to file. If I find counsel willing to represent plaintiff, I will advise the parties of that fact and set a new scheduling conference.

## ORDER

It is ORDERED that further proceedings in this case are STAYED pending appointment of counsel for plaintiff.

Entered this 22nd day of January, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge