IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WENFANG LIU,

          Plaintiff,

    v.

TIMOTHY MUND,

          Defendant.

OPINION AND ORDER

09-cv-500-wmc

In 2009, Wenfang Liu brought suit under 8 U.S.C. § 1183a(c) against her ex-husband, Timothy Mund, seeking to enforce the terms of an I-864 Affidavit of Support that Mund executed as part of Liu's permanent residency application. The court ordered Mund to reimburse Liu for unpaid support through April 14, 2010, but conditioned relief beyond that date upon Liu actively seeking employment. Liu appealed and the Seventh Circuit reversed, holding that there is no duty to mitigate payment obligations created by an I-864 affidavit.

In light of the ruling on appeal, Mund owes Liu support equal to 125% of the federal poverty line for the time period from April 15, 2010 to the present; Mund will continue to owe support until: (1) Mund's death; (2) Liu's death; (3) Liu becomes a U.S. citizen; (4) Liu can be credited with 40 quarters of work as defined in 8 U.S.C. §

1183a(3); or (5) Liu departs the United States permanently. (*See* I-864 Affidavit, dkt. #1, ex. 1, at 14.)

By year or partial year at issue, 125% of the federal poverty line equals:

- 2010 after April 14: $9,680.24 (((261 days/365) x $10,830) x 125%);

- 2011: $13,612.50 ((365 days/365 x $10,890) x 125%); and

- 2012 through the end of September: $10,481.44 (((274 days/365) x $11,170) x 125%).

According to the parties' representations and the court's previous findings, Mund has paid Liu nothing between April 15, 2010 and the present date. During the same time period, Liu refunded $500 to Mund for failure to show proof of a job search, pursuant to an order of the divorce court.[1]

The total difference between 125% of the pro-rated poverty line and Liu's actual income for those years is $34,274.18, based on a totaling of the following annual differences:

- 2010 after April 14: $10,180.24 ($9,680.24 + $500.00);

- 2011: $13,612.50; and

---

[1] Mund paid Liu $1,384.62 in maintenance for the first five weeks of 2010, of which Liu was subsequently ordered to refund $730.77 by the divorce court. $500 of this refund was for failing to show proof of a job search. $230.77 was to reimburse Mund for an accidental overpayment. (Dkt. #69, Ex. 1.) In its order awarding I-864 support for the period of January 1, 2010 through April 14, 2010, this court credited Mund with $1,153.85 in support ($1,384.62 - $230.77) for the year 2010. (Dkt. #82.) The $500 reimbursement was not acknowledged at that time and will now be due and owing to Liu.

- 2012 through the end of September: $10,481.44.

## ORDER

IT IS ORDERED that:

1. In addition to the $15,016.14 in support owing for the period through April 14, 2010 (*see* dkt. #96), Timothy Mund shall pay Wenfang Liu a lump sum of $34,274.18, which will satisfy Mund's support obligations for the period April 15, 2010 through the end of September, 2012.

2. Mund shall pay Liu, in monthly or bi-weekly increments, an additional $3,481.06 over the course of October, November and December, 2012.

3. Mund shall pay Liu, in monthly or bi-weekly increments, 125% of the federal poverty line, adjusted annually as shown at http://aspe.hhs.gov/poverty/index.shtml, until his payment obligations cease.

4. This case is hereby dismissed and the clerk of court is directed to enter an amended final judgment in the amount of $49,290.32. Any party may move to reopen for good cause shown.

Entered this 2nd day of October, 2012.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge